Zimmerman, J.
The participating members of this court are unanimously of the opinion that the trial court erred to the prejudice of the appellant in striking the third defense of her answer, and that the Court of Appeals likewise erred in affirming such action. Such third defense, if proved, would establish a voluntary payment of the amount of the legacy, with knowledge of the facts, by one who, in her individual capacity, was not only the principal beneficiary of the Ella E. Turner estate but also the one who would receive appellant’s legacy if there was a forfeiture thereof, an acceptance of the payment by the appellant and appellant’s deprivation thereof by a ruse and against her will.
An estoppel would thereby arise in favor of the appellant and it would be unnecessary and inappropriate for the court to go further.
In view of the position taken, there is no heed to decide now whether the law announced in Bradford v. Bradford, Exr., supra, is applicable to the facts of this case or whether the strict rule there adopted is controlling in all circumstances. See 57 American Jurisprudence, 1025 et seq., Section 1512 et seq.
Without further comment, the judgment of the Court of Appeals is reversed and the cause remanded to the Court of Common Pleas for further proceeding as indicated in this opinion.

Judgment reversed.

Weyoandt, C. J., Taft, Matthias, .Bell and Herbert, JJ., concur.
Peck, J., not participating.